UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Case No. 17-cr-20205-01

        Plaintiff,

                        Honorable Robert H. Cleland

vs.

JAMIL BROCK MARTIN,

        Defendant.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
JUDGE'S RECOMMENDATION FOR ADDITIONAL HALFWAY HOUSE TIME**

Introduction

      The United States of America, though its undersigned counsel, respectfully offers this Response to defendant Jamil Brock Martin's [MARTIN] Motion for Judge's Recommendation for Additional Halfway House Time (Doc. 23), as required by the Court's July 10, 2019 Order of Determination of Motion Without Oral Argument (Doc. 24). Because MARTIN is scheduled for transfer to a Residential Reentry Center [RRC] in August 2019, the motion is moot. In any case, the government is without sufficient information to form opinions relative to MARTIN's request for a recommendation, or what effect, if any, such a

recommendation would carry, given that such determinations are within the exclusive control of the Bureau of Prisons.

Pertinent Facts

MARTIN was sentenced to serve 20 months in the custody of the Bureau of Prisons for Extortion in violation of 18 U.S.C. § 1951(a) on May 17, 2018 (Doc. 20: Judgment).  MARTIN reported to FCI Morgantown on or about September 3, 2018 to begin serving his sentence. (Doc. 22: Stipulated Order Extending Self-Surrender Date).  According to MARTIN's motion and the United States Bureau of Prisons' website, MARTIN's "release date" is February 1, 2020, or 516 days after his report date, meaning that MARTIN is expected to be released from Bureau of Prisons custody approximately 78 days short of his 20 month sentence due to good-time and other credits.[1]  Thus, if MARTIN is to be transferred into a [RRC] six months prior to his release date, as he suggests in his motion, he should be reassigned to the RRC in August 2019.

On July 24, 2019, the undersigned discussed MARTIN's status with MARTIN's case-manager at the Federal Correctional Institution in Morgantown, West Virginia, MARTIN's designated place of confinement.[2]  The case manager

---

[1] The "release date" is the date on which the defendant will be released from the custody of the Bureau of Prisons entirely.

[2] The name and contact information for Martin's case manager will be made available to the Court upon request.

confirmed that MARTIN's release date is February 1, 2020, and that he is currently scheduled to be transferred to a Residential Reentry Center [RRC], commonly known as a "halfway house," on or about August 29, 2019. In addition, the case manager reported that MARTIN is scheduled to complete 120 days of Transitional Drug Awareness Program [TDAP] training while at the RRC.  Because of this, MARTIN's "home confinement eligibility date" under the First Step Act is December 4, 2019.  Practically, however, the RRC has discretion to approve transfer to a home confinement program at any time after he is placed in the RRC.

The case manager explained that, absent extraordinary circumstances, extended RRC placement (i.e. over six months) is reserved for inmates receiving custodial sentences of 120 months or more. MARTIN's placement date, approximately six months in advance of his anticipated release date, was driven, in large measure, by his initial 20-month sentence.

Applicable Law

The Federal Bureau of Prisons is responsible for federal sentencing computation decisions.  The statute governing sentence computations is 18 U.S.C. § 3585.  Unlike its predecessor, 18 U.S.C. § 3568 (which specified the Attorney General made sentencing computation decisions), § 3585 did not identify who was responsible for sentence computation decisions. Some circuits held that the Attorney General had the sole responsibility; others held that this responsibility

was shared between the Attorney General and the sentencing court. In *United States v. Wilson*, 503 U.S. 329 (1992), the Court resolved this conflict and held that Congress intended not to disturb the long standing practice that the authority for sentence computation was to remain with the Attorney General (delegated to the Bureau of Prisons).

The statute on which MARTIN relies, 18 U.S.C. § 3624(c), is more explicit:

> *The Director of the Bureau of Prisons* shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility. * * *  The authority under this section may be used to place a prisoner in home confinement for the shorter of 10% of the term of imprisonment or 6 months.

(emphasis added).

Thus, RRC placement is, by statute, the exclusive domain of the Bureau of Prisons.   MARTIN does not suggest that the Court has authority over the process of computation or placement, but rather, requests only a recommendation from the Court "for 12 months of RRC time following his release from federal prison." (Doc.23: Motion at 2).

4

Discussion

Because MARTIN will transfer to a RRC next month, his request for a judicial recommendation for "12 months of RRC time following his release from federal prison" is, at this time, largely moot. (*Id.*). Even if the Court wanted to facilitate an extended RRC stay for MARTIN prior to his February 1, 2020 release date, it seems extremely unlikely that any recommendation made today could be received, considered, decided and implemented by the Bureau of Prisons prior to his scheduled August 29, 2019 transfer.[3]

Moreover, RRC bed-space is limited. Presumably for this reason, the Bureau of Prisons has determined that inmates serving ten years or more in custody have a greater need for long-term reentry services, and should take priority over those serving relatively short sentences. MARTIN presents the Court with no extraordinary circumstances which would make his extended RRC placement more important than for an inmate who is reentering society after ten years or more in prison. He articulates only an understandable desire to ". . . return to his family, friends and loved ones as soon as possible." (*Id.* at 1). Nor is the government

---

[3] It is unclear how and through what mechanism the Bureau of Prisons would consider this Court's recommendation of extended halfway house placement, if made. As noted, MARTIN's release date, RRC placement date, and home confinement date have all already been calculated. Although, in the undersigned's experience, the Bureau of Prisons' policy is to try to accommodate judicial recommendations where possible, implementing a recommendation at this stage would seem difficult at best.

aware of anything beyond what has previously been submitted to the Court in the sentencing process which would inform its opinion on the question of a judicial recommendation for an extended RRC stay. His unblemished record at FCI Morgantown is laudable, to be sure, but it is already being rewarded by good-time and other credits which will make him eligible to go home, albeit into the home-confinement program, on December 4, 2019, after having served only 15 months of a 20-month sentence.

Conclusion

    MARTIN's request is moot given his scheduled transfers to a RRC in August and home confinement in early December 2019. Moreover, the government lacks sufficient information to offer any guidance to the Court relative to the merits or effectiveness of such a recommendation.

    Respectfully submitted,

    MATTHEW SCHNEIDER
    UNITED STATES ATTORNEY

    s/Craig A. Weier
    Craig A. Weier (P33261)
    Assistant United States Attorney
    White Collar Crimes Unit
    211 W. Fort Street, Suite 2001
    Detroit, Michigan  48226
    (313) 226-9678
    craig.weier@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

JAMIL BROCK MARTIN,

                Defendant.
_____/

Case No. 17-cr-20205-01

Honorable Robert H. Cleland

CERTIFICATE OF SERVICE

On July 24, 2019, the undersigned served a copy of the Government's Response To Defendant's Motion For Judge's Recommendation For Additional Halfway House Time on the defendant by mailing it to:

    Jamil Martin
    Reg. No. 55576-039
    P.O. Box 1000
    Morgantown, West Virginia  26507

        s/Craig A. Weier
        Craig A. Weier (P33261)
        Assistant United States Attorney
        White Collar Crimes Unit
        211 W. Fort Street, Suite 2001
        Detroit, Michigan  48226
        (313) 226-9678
        craig.weier@usdoj.gov